## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Tate & Lyle<br><br>                              Plaintiff,<br><br>     v.<br><br>United States,<br><br>                              Defendant. | Court No.: 19-cv-00014 |

## COMPLAINT

Plaintiff Tate & Lyle by and through its counsel, alleges and states as follows:

## JURISDICTION

Plaintiff brings this action to contest the U.S. Department of Commerce December 19, 2018 final administrative review determination as to the antidumping order xanthan gum from China (A-570-985), at 83 Fed. Reg. 65143 (Dec. 19, 2018). The Court has jurisdiction over this action per 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii).

## STANDING

1. Plaintiff is a U.S. importer of the product in issue. Plaintiff is, therefore, an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 1516a(f)(3) and 28 U.S.C. § 2631(k)(1). Plaintiff was also a party to, and participated in, the proceeding that led to the determination being challenged herein. As an interested party that actively

participated in the underlying administrative proceeding, Plaintiff has standing per 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. The contested decision was issued December 19, 2018. The January 18, 2019 summons and complaint here are timely filed within 30 days thereof. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(B)(iii), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action is timely brought.

## PROCEDURAL HISTORY

5. The procedural history is in the contested final determination.

## COUNT

6. Commerce's finding as to antidumping duties applicable to Greenhealth International Co., Ltd. is unsupported by substantial evidence and otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold that the portion of Commerce's determination that is complained of above is not supported by substantial evidence and is otherwise not in accordance with law;

2. Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court: and

3. Provide such further relief as this Court deems just and proper.

                                            Respectfully submitted,

                                                */s/ Peter Koenig*

                                        Peter Koenig
                                        Squire Patton Boggs (US) LLP
                                        2550 M Street, NW
                                        Washington DC 20036

January 18, 2019                           Counsel to Tate & Lyle