## UNITED STATES COURT OF INTERNATIONAL TRADE
### Before the Honorable Jennifer Choe-Groves

| | |
|---|---|
| Tate & Lyle<br><br>Plaintiff,<br><br>v.<br><br>United States,<br><br>Defendant. | Court No.: 19-cv-00014 |

### AMENDED COMPLAINT

Plaintiff Tate & Lyle by and through its counsel, alleges and states as follows:

### JURISDICTION

Plaintiff brings this action to contest the U.S. Department of Commerce December 19, 2018 final administrative review determination as to the antidumping order xanthan gum from China (A-570-985), at 83 Fed. Reg. 65143 (Dec. 19, 2018). The Court has jurisdiction over this action per 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii).

### STANDING

1.      Plaintiff is a U.S. importer of the product in issue. Plaintiff is, therefore, an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 1516a(f)(3) and 28 U.S.C. § 2631(k)(1). Plaintiff was also a party to, and participated in, the proceeding that led to the determination being challenged herein. As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing per 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.      The contested decision was issued December 19, 2018. The January 18, 2019 summons and complaint here are timely filed within 30 days thereof. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(B)(iii), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action is timely brought.

## PROCEDURAL HISTORY

5.  The procedural history is in the contested final determination.

## COUNT

6.  Commerce's finding as to antidumping duties applicable to Greenhealth International Co., Ltd. is unsupported by substantial evidence and otherwise not in accordance with law. Commerce is impermissibly applying an adverse, non-market economy dumping rate applied to companies in China to a company located outside of China as to whom no non-cooperation is shown.  Commerce is also impermissibly claiming that one must request an administrative review to object to the above-noted unlawful actions here.  Finally, the Fufeng China product here is exempt from antidumping duties. The claims here were further articulated in our submitted case brief at Commerce.

## DEMAND FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Hold that the portion of Commerce's determination that is complained of above is not supported by substantial evidence and is otherwise not in accordance with law;

2.      Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court: and

3.      Provide such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Peter Koenig*

_____
Peter Koenig
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington DC 20036

March 1, 2019

Counsel to Tate & Lyle